IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

vs.                                                                            **CASE NO.**      **24-cr-20043-JPM**

**AUSTIN LINEBACK**
    **Defendant.**

MOTION FOR NEW TRIAL

COMES NOW, the Defendant, by and through court-appointed counsel of record, and pursuant to Rule 33 of the Federal Rules of Criminal Procedure moves this Honorable Court to vacate the judgement and grant a new trial, based on the following grounds:

1. Jury trial in this matter began on January 6, 2025 and concluded on January 7.

2. Preceding the trial and upon conclusion of proof, there were notices and motions filed and ruled upon by the Court.

3. Invalid Search Warrants and Inadmissible Evidence. Lineback's Motion to Suppress (Document 27) challenged the validity of two search warrants and sought to exclude all seized evidence as a violation of his Fourth Amendment rights, arguing a lack of probable cause and the inapplicability of the Leon good faith exception. The Magistrate Judge concluded that the affidavits were "lacking sufficient facts to establish probable cause" (Document 54) this Court ultimately rejected that finding and found that probable cause did exist for the first search warrant. (Document 64) This divergence in judicial opinion highlights that the probable cause determination was a 'close call.' This

Court erred in concluding that probable cause existed for the search warrant. Further, the affidavits were "bare bones" and did not provide sufficient nexus between his "odd behavior" and possession of child sexual exploitation materials. The *Leon* good faith exception should not apply.

4. Unfair Prejudice from Admission of "Other Acts" Evidence. Lineback's Motion in Limine (Document 68) sought to exclude evidence of his prior convictions, circumstances surrounding his arrest, and religious theories, arguing they were irrelevant and unfairly prejudicial. While the Court granted in part and denied in part the defense's motion in limine (Document 71) and despite the exclusion of the prior convictions, the admitted evidence of the circumstances surrounding his arrest and his religious theories still served to unfairly prejudice the jury and confuse the issues, leading to a verdict based on propensity rather than the specific elements of the charged crime. It was impossible for the jury to remain impartial in judging whether he knew the specific two photos constituted child pornography. The jury instruction to consider only specific offenses charged was not sufficient to mitigate this prejudice.

5. Conditional Exclusion of Prior Convictions Had a Chilling Effect on the Right to Testify. The Court granted the motion to exclude prior convictions for use in the government's case-in-chief. However, it did not address potential use if Lineback chose to testify. Threat of the prior convictions being admitted if he testified chilled his right to testify.

6. The jury was instructed by and submitted questions to the Court.

7. Jury Confusion Regarding Scope of Evidence and Improper Application of "Other Acts" Evidence. The jury's core task was to determine if Lineback knowingly possessed

material that contained an image of child pornography and knew that the material was child pornography. During deliberations, the jury submitted a question: "Are we deciding guilt or not guilty based on being in possession of knowing he was in possession of child pornography in regards to only the two photographs of Bennett Smith or in regards to all of the evidence given and based on." To which the Court responded: "While you may consider all of the evidence admitted in the case, child pornography is alleged only as to the two photographs of Bennett Smith." This instruction, while attempting to clarify, allowed the jury to consider the highly prejudicial "circumstances of arrest" and "religious theories" evidence as substantive proof of the charged offense, rather than strictly for limited purposes like motive or knowledge. The jury's question indicated their confusion about how to apply the 'other acts' evidence. This instruction allowed the jury to improperly factor the disturbing extrinsic evidence into their verdict.

8. Verdict Against the Weight of the Evidence. The jury's question demonstrates their struggle to reconcile the specific charge with the broader evidence. The Court's response allowed them to consider "all the evidence" for finding guilt, while specifying the charge was "only as to the two photographs of Bennett Smith." The jury might have inferred "knowledge" regarding these two photos from Lineback's general interest in "nude boys" or "gay boy selfies," rather than specifically assessing whether he knew Bennett Smith was a minor at the time those particular photos were obtained or produced. Given the closeness to age of majority (17 years and 7 months), this distinction is crucial to the "knowledge" element.

9. Further, The defendant has raised several complaints regarding his trial:

a. False Imprisonment and Illegal Charges: Lineback claims he is being falsely imprisoned without any charges and no evidence of wrongdoing. He asserts that the charge against him is not for the same person named in the indictments, and therefore, this matter must be resubmitted to the grand jury for indictment.

b. Judicial Misconduct: Lineback alleges that this Court has unlawfully detained him for a year. He asserts that the judge promoted a "sexual hate crime" in the courtroom. Lineback alleges that the judge allowed the prosecution to introduce evidence by ambush and without notice which tainted the trial.

c. Issues with Legal Representation and Rights: Lineback claims he was refused legal assistance when he asked for it. He alleges that Officer Neal Gregory, "didn't protect my religious rights" and allowed "a sexual hate crime to be promoted." He asserts he was not allowed to defend himself or given his discovery. He also claims that the judge refused to defend him or allow him to follow the laws

d. Other Claims: Lineback states that the prosecution also promoted a "sexual hate crime." He believes that "the pictures this court has on file empowers the seals against you." He states that "God revealed to me that part of your judgement is based on those other pictures". He claims to have destroyed "6 million demons" through "picture magic." He asserts that his name is copyrighted, and its use costs "$500,000 per day or per use," indicating that "A bill and lien will be done at my earliest convenience."  He also claims "Immunity from God."

10. The Court has erred, and thus prevented the defendant from receiving a fair trial. The verdict is against the weight of the evidence presented when viewed through the lens of

proper legal standards and the specific elements of the charged crime. Considering the alleged errors in the probable cause determination, the admission of highly prejudicial "other acts" evidence, the chilling effect on Lineback's right to testify, and the jury's demonstrated confusion regarding the proper application of evidence as reflected in their question, the resulting verdict appears to be based on an improper consideration of evidence or undue prejudice rather than a strict assessment of whether the Government proved each element beyond a reasonable doubt for the specific charge.

WHEREFORE PREMISES CONSIDERED, the defendant prays that the Court grant relief.

<u>Respectfully submitted,</u>
s/Ruchee J. Patel
Ruchee J. Patel (TN#26521)
Donati Law PLLC
1545 Union Ave.
Memphis, TN 38104
901-278-1004
ruchee@donatilaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and exact copy of the foregoing has been served via electronic filing to the following:

Lauren Delery
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, TN 38103
901-544-4321
lauren.delery@usdoj.gov

Lynn Crum
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, TN 38103
901-544-4321
lynn.crum@usdoj.gov

This the 23rd day of June, 2025.

<u>s/Ruchee J. Patel</u>
Ruchee J. Patel